UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

WILLIE LEE HUNTER PLAINTIFF

VERSUS CIVIL ACTION NO. 1:05CV25-RHW

MIKE BYRD, et al DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Before the Court are Defendant Eric Lucas, M.D.'s [35] Motion to Dismiss and [40] Motion for Summary Judgment, and Defendant Mike Byrd, Randy McClendon and Mike John's [43] Motion for Summary Judgment. Plaintiff filed this 42 U.S.C. § 1983 civil rights complaint alleging inadequate medical care, unconstitutional conditions of confinement, and several other alleged constitutional violations. Plaintiff arrived at the Jackson County Adult Detention Center (ADC) on July 6, 2004, and remained there for approximately seven months. The Defendants have filed various dispositive motions seeking dismissal of the complaint. Although the time for responding has long since passed, Plaintiff has failed to file a response.[1] The Court has reviewed the motions and finds that they are well-taken, should be granted, and Plaintiff's complaint dismissed with prejudice.

**Standard of Review**

Rule 56(c) authorizes summary judgment where "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a

[1] Plaintiff's mail has been returned as undeliverable on at least two occasions. *See* dkt. entry no. 38 & 42. Thus it appears that Plaintiff has failed to maintain a current mailing address with the clerk of the court.

matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Where "the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does not exist as a matter of law, . . . all other contested issues of fact are rendered immaterial. *See Celotex*, 477 U.S. at 323, 106 S.Ct at 2552." *Topalian v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1992). In making its determinations of fact on a motion for summary judgment, the court must view the evidence submitted by the parties in a light most favorable to the non-moving party. *McPherson v. Rankin*, 736 F.2d 175, 178 (5th Cir. 1984).

The moving party has the duty to demonstrate the lack of a genuine issue of material fact and the appropriateness of judgment as a matter of law to prevail on his motion. *Union Planters Nat'l Leasing v. Woods*, 687 F.2d 117 (5th Cir. 1982). The movant accomplishes this by informing the court of the basis of its motion, and by identifying portions of the record which highlight the absence of genuine factual issues. *Topalian*, 954 F.2d at 1131. "Rule 56 contemplates a shifting burden: the nonmovant is under no obligation to respond unless the movant discharges [its] initial burden of demonstrating [entitlement to summary judgment]." *John*, 757 F.2d at 708. "Summary judgment cannot be supported solely on the ground that [plaintiff] failed to respond to defendants' motion for summary judgment". *Id.* at 709. However, once a properly supported motion for summary judgment is presented, the nonmoving party must rebut with "significant probative" evidence. *Ferguson v. Nat'l Broad. Co., Inc.*, 584 F.2d 111, 114 (5th Cir. 1978).

**1. Inadequate Medical Care**

Plaintiff alleges inadequate medical care based on a delay in treatment for an ear infection and for an alleged staph infection. To state a constitutional claim for denial of adequate medical

care, Plaintiff must demonstrate that Defendants were deliberately indifferent to Plaintiff's serious medical needs, such that it constituted an unnecessary and wanton infliction of pain. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A prison official is not liable for the denial of medical treatment unless the official knows of and disregards an excessive risk to inmate health or safety. *Harris v. Hegmann*, 198 F.3d 153, 159 (5th Cir. 1999). An allegation of malpractice or mere negligence is insufficient to state a claim. *Hall v. Thomas*, 190 F.3d 693, 697 (5th Cir. 1999). Moreover, the fact that a prisoner disagrees with the type of medical treatment does not constitute a constitutional deprivation. *Norman v. Dimazana*, 122 F.3d 286, 192 (5th Cir. 1997).

The Court finds that Plaintiff has failed to demonstrate a genuine issue of material fact with regard to delayed or denied medical care. The evidence of record demonstrates that Defendants provided treatment for Plaintiff's medical complaints promptly upon his submission of sick call requests. The record is rife with sick call requests and responses to sick call requests beginning on July 14, 2004, shortly after Plaintiff's imprisonment at the ADC, until December of 2004. Moreover, Plaintiff has failed to allege deliberate indifference as to any serious medical need. He alleges that he suffered from an ear infection; however, he was seen by Dr. Lucas who then prescribed ear drops. The records indicate that Plaintiff submitted a sick call request on 10/18/04, and was seen by the prison medical staff on that same day regarding his ear infection. He also submitted a sick call request on 10/25/04 for an ear infection. He was examined by Dr. Lucas on 11/2/04, who prescribed medication. Plaintiff also alleges that he suffered from staph infection and that Dr. Lucas improperly diagnosed the condition as ingrown hair bumps. According to Plaintiff, the jail nurse gave Plaintiff antibiotics that cleared up the sores on his skin. At most, Plaintiff has alleged mere negligence on the part of Dr. Lucas and not deliberate

indifference on the part of Dr. Lucas or the jail officials. Plaintiff received constant medical attention throughout his stay at ADC and was given ear drops for his ear infection and antibiotics for his skin infection.

**2. Injunctive Relief**

Plaintiff's claims for injunctive relief have been rendered moot by the fact that he is no longer housed at the Jackson County Adult Detention Center. *See Edwards v. Johnson*, 209 F.3d 772, 776 (5th Cir. 2000); *Rocky v. King*, 900 F.2d 864, 867 (5th Cir. 1990).

**3. Access to Law Library**

Plaintiff alleges that law library facilities and legal research were virtually non-existent at the ADC. Prisoners have a constitutional right of meaningful access to the courts through adequate law libraries or assistance from legally trained personnel. *Degrate v. Godwin*, 84 F.3d 768, 768-69 (5th Cir. 1996). Before a prisoner may prevail on a claim that his constitutional right to access of the court was violated due to an inadequate law library, plaintiff must demonstrate that his position as a litigant was prejudiced. *See McDonald v. Steward*, 132 F.3d 225, 230-31 (5th Cir. 1998). Plaintiff's claim regarding access to the law library fails because he has not alleged any prejudice to his position as a litigant. In fact, at the screening hearing, Plaintiff admitted that he was not prevented from filing any legal claim based on the lack of an adequate law library.

**4. Retaliation**

Plaintiff alleges that he was harassed and discriminated against by prison officials because of his complaints and grievances. In essence, he has alleged a claim of retaliation. To state a valid claim for retaliation under § 1983, Plaintiff must allege (1) a specific constitutional

right; (2) the defendants intent to retaliate against the prisoner for his exercise of that right; (3) a retaliatory adverse act, and (4) causation. *See Jones v. Greninger*, 188 F.3d 322, 324-25 (5th Cir. 1999). Other than his general allegation of retaliation, the only specific example of retaliation given by Plaintiff against any of the named Defendants is that Defendant John threatened "to put him in the hole" if Plaintiff filed a lawsuit or kept complaining. At the screening hearing, Plaintiff admitted that Defendant John never had him put "in the hole"; therefore, there was no retaliatory adverse act. Moreover, Plaintiff filed this lawsuit while at the ADC, and the record demonstrates that Plaintiff was not shy about filing grievances with prison officals while incarcerated at the ADC.

**5. Opened Legal Mail**

Plaintiff asserts that his mail from the Court was opened when he was not present. The Defendants admit that a deputy accidentally opened mail that contained a pleading from the Court. This isolated instance is insufficient to rise to the level of a constitutional violation. Plaintiff admitted at the screening hearing that the pleading in question was a matter of public record. Plaintiff filed a grievance based on the incident in question. Defendant McClendon responded to the grievance and counseled the deputy regarding the proper opening of legal mail. The deputy who opened the legal mail has not been named as a defendant in this lawsuit.

**6. General Conditions of Confinement**

Plaintiff alleges that the ADC was overcrowded such that he had to sleep on the floor for three or four days without a mattress. He also generally alleges that the conditions at the jail were unsanitary and that he did not receive adequate calories in his meals.

The Constitution does not require that inmates be housed in comfortable prisons;

however, the Eighth Amendment's prohibition against cruel and unusual punishment does require that prisoners be afforded humane conditions of confinement and prison officials are to ensure that inmates receive adequate food, shelter, clothing, and medical care. *Herman v. Holiday*, 238 F.3d 660, 664 (5th Cir. 2001). In order to establish an Eighth Amendment violation regarding conditions of confinement, an inmate must establish (1) that the deprivation alleged was sufficiently serious, i.e. an official's act or omission must have resulted in the denial of "the minimal civilized measure of life's necessities"; and (2) that the prison official possessed a sufficiently culpable state of mind. *Id.* The required state of mind is one of deliberate indifference to inmate health or safety. *Id.* Deliberate indifference is established by showing that prison officials (1) were aware of facts from which an inference of excessive risk to the prisoner's health or safety could be drawn; and (2) that they actually drew an inference that such potential for harm existed. Pursuant to 42 U.S.C. § 1997e(e), an inmate may not recover for emotion or mental damages without a showing of a specific physical injury. *Id.* at 665.

As an initial matter, Plaintiff has not demonstrated any specific physical injury resulting from the conditions of confinement. He alleges that sleeping on the floor caused an ear infection, but in the absence of any evidence of causation, this claim cannot survive summary judgment. *See Burleson v. Texas Dep't of Criminal Justice*, 393 F.3d 577, 590 (5th Cir. 2004). As stated above, Plaintiff is no longer housed at the ADC; therefore, his claims for injunctive relief are moot. Absent a physical injury or claim for injunctive relief, Plaintiff may not maintain a cause of action for mental or emotional damages pursuant to § 1983. *See Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999).

Turning to Plaintiff's specific claims, the Court finds that the temporary inconvenience of

sleeping on the floor without a mattress does not amount to a constitutional violation. *See Johnson v. Pelker*, 891 F.2d 136, 138-39 (7th Cir. 1989); *Carlyle v. Aubrey*, 189 F.Supp.2d 660, 664 (W.D. Ky. 2001); *Ware v. Fairman*, 884 F.Supp. 1201, 1207 (N.D. Ill. 1995). The Court further finds that Plaintiff's claims of inadequate food do not survive summary judgment. The Defendants have presented summary judgment evidence in the form of an affidavit and menus indicating that while Plaintiff was incarcerated at the ADC he received 2900 calories a day from meals approved by a dietician. Plaintiff has presented nothing more than an unsubstantiated and conclusory allegation that his meals somehow were inadequate. *See Talib v. Gilley*, 138 F.3d 211, 214 n.3 (5th Cir. 1998); *Green v. Ferrell*, 801 F.2d 765, 770-71 (5th Cir. 1986). Furthermore, Plaintiff's general allegations of unsanitary conditions at the jail do not state a constitutional violation.

**Conclusion**

Based on the foregoing, the Court finds that Defendants have demonstrated that there is no genuine issue of material fact as to any of Plaintiff's claims. Plaintiff has failed to establish a constitutional violation; therefore, the Defendants' Motions to Dismiss and for Summary Judgment should be granted, and Plaintiff's complaint dismissed with prejudice.

SO ORDERED, this the 3rd day of May, 2007.

s/ Robert H. Walker
UNITED STATES MAGISTRATE JUDGE